**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAKEEVA OSBORNE, | DOCKET NUMBER |
| Appellant, | DE-0432-24-0074-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: February 28, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>LaKeeva Osborne</u>, Denver, Colorado, pro se.

<u>Lisa Leontiev-Koch</u>, Esquire, <u>Judson R. Peverall</u>, Esquire, and <u>Luke Archer</u>, Esquire, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her chapter 43 removal. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

Effective September 7, 2023, the agency removed the appellant from her position as a GS-7 Purchasing Agent for unacceptable performance. Initial Appeal File (IAF), Tab 6 at 25-27. She appealed her removal to the Board. IAF, Tab 1. Based on the written record, IAF, Tab 9 at 3, the administrative judge issued an April 4, 2024 initial decision sustaining the appellant's removal, IAF, Tab 16, Initial Decision (ID) at 2, 28. The administrative judge notified the appellant that the initial decision would become final on May 9, 2024, unless a petition for review was filed by that date. ID at 28.

## DISCUSSION OF ARGUMENTS ON REVIEW

On May 10, 2024, the appellant electronically filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board notified the appellant that her petition for review was untimely and explained that she must file a motion asking the Board to accept the petition for review as timely or to waive the time limit for good cause. PFR File, Tab 2 at 1. The agency thereafter filed a response, arguing that the appellant's petition for review was untimely filed and that the appellant had failed to file a motion asking the Board to accept the petition for review as timely or to waive the time limit. PFR File, Tab 3 at 4-8. The appellant did not respond to either of these warnings about the untimeliness of her petition.

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on April 4, 2024, and electronically sent to the appellant the same day. ID at 36. The appellant does not allege that she did not receive the initial

decision within 5 days of its issuance; accordingly, her petition for review is untimely by 1 day.  PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  *See* 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition.  *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review.  Although the appellant is pro se and her 1-day delay is not lengthy, the appellant provides no explanation for her late filing despite being given an opportunity to do so.  The Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal and the appellant is pro se.  *See, e.g., Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (dismissing a petition for review that was 3 ½ hours late when the appellant did not address the untimeliness of her petition); *Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day filing delay when the pro se appellant failed to show good cause for the delay).  The appellant's failure to address the timeliness of her petition for review and the lack of evidence of circumstances beyond her control or of unavoidable casualty or misfortune that

prevented her from filing a timely petition for review weigh against finding good cause.

Moreover, neither the argument contained in the appellant's petition for review nor the documents she provides therewith establish good cause for her untimeliness.[2]  The appellant's arguments do not address the filing delay; instead, the appellant challenges the merits of the agency's removal action and disagrees with the administrative judge's findings.  PFR File, Tab 1; *see Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of the agency's removal action).  Additionally, the documents she provides with her petition for review, which include annotated emails and a medical article, are not discernably related to her filing delay and similarly appear to challenge the merits of the agency's removal action.  Moreover, all of these documents appear to predate the initial decision.  *See Wilson v. General Services Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he failed to show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed).

---

[2] While submitting her petition for review, the appellant was informed that the finality date for the initial decision had passed.  PFR File, Tab 1 at 3.

Accordingly, we dismiss the petition for review as untimely filed.[3] This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Even if the appellant had timely filed her petition for review or established good cause for its untimeliness, the petition does not provide any basis for disturbing the initial decision. The appellant identified various portions of the initial decision with which she disagrees, but she has not included references to evidence of record or legal authority establishing error on the part of the administrative judge. PFR File, Tab 1 at 4-39; *see* 5 C.F.R. § 1201.114(b) (providing that a petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations). The appellant also attached evidence to her petition, but it is unexplained and its relevance to the disputed issues at hand is not apparent. PFR File, Tab 1 at 40-82. Moreover, to the extent that any of the attached evidence is presented for the first time on review, the appellant has not shown that it was previously unavailable. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence). Thus, the petition for review is unavailing on the merits.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.